IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| REYCE JANON COOK, <br> TDCJ-CID No. 01804354 <br><br> Plaintiff, <br><br> v. <br><br> CHARLES R. HORSELY, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:18-CV-077-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's third amended civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed May 26, 2021 (ECF No. 109) ("Amended Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED**.

FACTUAL BACKGROUND

At the time of the original complaint, Plaintiff was a prisoner incarcerated at the TDCJ Neal Unit in Amarillo, Texas. *See* ECF No. 3. Plaintiff alleges that Defendants Jacob D. Williams, NFN White, Jane Doe, and John Doe participated in an illegal strip search of his person (and his fellow inmates) on December 22, 2017. *See* ECF No. 109, at 3. Plaintiff asserts that Defendants Horsely, Milburn and Seymour have supervisory liability for these acts. *See id.*

Plaintiff asserts he was forced to strip in front of numerous female guards and no exigent circumstances existed to warrant an emergency search in the female guards' presence in violation of his Eighth Amendment right to be free from "unnecessary and wanton infliction of pain." *Id.*, at 7-10. Plaintiff argues that numerous sex offenders and homosexuals also viewed the naked bodies of multiple defendants that were forced to participate in the strip search. *Id.* He asserts the strip search was part of a "training exercise" and that the search humiliated him. *Id.* Plaintiff asserts that "some" of the officers who participated in the strip search did so without wearing gloves, exposing him to staph infection and acting with deliberate indifference to his safety. *Id.* He alleges his due process rights were violated when prison officials photographed and recorded his naked body. *Id.*

Plaintiff did not renew some claims from his original complaint in his third Amended Complaint, including claims about his legal mail being "scattered" during the search and claims that he was transferred to another facility for filing grievances after the search. *See* ECF Nos. 3, 109. To the extent Plaintiff was attempting to supplement his claims, these claims are also addressed below.

Plaintiff acknowledges that he was told the transfer resulted from his request to attend a vocational course available at the transferee unit. Plaintiff claims the transfer took place only two days after he assisted other inmates with filing grievances about the illegal search, and that the transfer occurred two months prior to the start of the vocational class.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

A prisoner inmate's right to privacy is "minimal, at best," when juxtaposed with the legitimate security needs of the institution. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *see also Elliott v. Lynn*, 38 F.3d 18, 190–91 (5th Cir. 1994). The Fifth Circuit has held that "[t]he presence of female prison guards for security reasons on those occasions when male prisoners are naked is not a constitutional violation." *Petty v. Johnson*, 193 F.3d 518, 1999 WL 707860, at *1 (5th Cir. 1999) (unpublished table op.) (citing *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992)). The Fifth Circuit has also consistently held that the practice of conducting strip searches in the presence of female officers is not unconstitutional. *See Oliver*, 276 F.3d at 747; *Elliott*, 38

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

3

F.3d at 190–92; *Letcher*, 968 F.2d at 510; *see also Johnson v. Rupert*, 647 Fed. Appx. 407, 408 (5th Cir. 2016) (per curiam); *Tasby v. Lynaugh*, 123 Fed. Appx. 614, 615 (5th Cir. 2005); *McKenzie v. Johnson*, 204 F.3d 1115, 1999 WL 1328074, at *1 (5th Cir. 1999) (unpublished table op.). Therefore, Plaintiff's claim that he was improperly subjected to strip searches while female officers were present is frivolous. Plaintiff also claims that several of the officers conducting the strip searches did not wear gloves, thereby exposing inmates to possible risk of staph infection. *See* ECF No. 109. However, Plaintiff does not allege the John Doe who performed his search failed to wear gloves or that he was exposed to staph infection by the individual who conducted his search or that he contracted staph infection following the search.

Plaintiff also claims his due process rights were violated when his naked body was photographed. *See* ECF 109, at 7. In the First Amendment context, the Supreme Court in dicta has stated that though "inmates lose many rights when they are lawfully confined," they "retain certain fundamental rights of privacy; they are not like animals in a zoo to be filmed and photographed at will *by the public* or *by media reporters*." *Houchins v. KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978) (emphasis added). The *Houchins* case, however, dealt with media rights of access to prisoners, rather than prisoner surveillance by jail officials. *Id.* at 5. In another context, the Court has declared that a prison inmate retains only those rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

In a case involving photographs of prisoners taken by law enforcement agents, the Tenth Circuit has held that a prisoner's rights are "not violated unless (a) he had a legitimate expectation of privacy in the photos, and (b) his privacy interest outweighed the public need for their disclosure." *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984). Despite the limited

4

protection some courts have recognized for videotaped images of a prisoner, "speculative fear that ... privacy rights will be injured if [a] videotape is shown in the future ... is not a 'real and immediate' injury redressable by a federal court." *Scott v. Gier*, 1994 WL 283621 at *1 (9th Cir. 1994). The plaintiff must show that "the videotape would likely cause ... substantial and immediate injury to a legally-protected interest." *Id.* at *2. Plaintiff has not alleged that any naked image of him captured by Defendants was used or distributed by Defendants or a third party.

Plaintiff's claims for retaliation from a unit transfer are conclusory. It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Id.* Plaintiff fails to state a non-conclusory retaliation claim. He alleges that he suffered retaliation for exercising his right to file a grievance. The retaliatory adverse act complained of is a transfer to a higher-security TDCJ Unit. However, by Plaintiff's own filings, he was transferred based on his request to attend a vocational course, but he was transferred two months before the course began. Plaintiff's claim that he was transferred in retaliation for filing grievances is conclusory. His retaliation claims are based on his own personal beliefs and conclusive assertions, which are insufficient to raise a viable retaliation claim. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods*, 60 F.3d at 1166. This claim is **DISMISSED**.

To the extent that Plaintiff alleges that the scattering of his legal mail violated his right of access-to-the-courts because he was involved in other litigation at the time, Plaintiff has failed to state a claim. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* Plaintiff's statement that he was involved in other litigation fails to identify an arguable, nonfrivolous claim or indicate how his legal claim was hindered. Thus, this claim is also **DISMISSED**.

Plaintiff's claims against Defendants Seymour, Horsely and Milburn are based solely on their supervisory capacity. In section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of

subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against these Defendants are **DISMISSED** with prejudice.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Amended Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June 2, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE