IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REYCE JANON COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-077-Z-BR |
| | § | |
| CHARLES R. HORSLEY, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
TO DISMISS UNNAMED DEFENDANTS**

Plaintiff Reyce Janon Cook ("Cook") filed this lawsuit alleging a violation of his Fourth Amendment rights. (ECF 3, 109). For the reasons stated below, the undersigned recommends dismissal of Cook's John Doe Defendants.

**I. PROCEDURAL BACKGROUND**

Cook filed this lawsuit on April 16, 2018, claiming that his civil rights were violated by prison officials in connection with a strip search. (ECF 3). Cook included a number of John and Jane Doe defendants (the "Doe Defendants") in his Complaint, and again in his Amended Complaints filed between 2018 and 2021. (ECF 10, 91, 109). During the course of this litigation, the named defendants entered an appearance. However, Cook has never identified the Doe Defendants. On April 17, 2024, the Court provided Cook with a final opportunity to identify the Doe Defendants, warning him that failure to comply with the order would result in dismissal of the Doe Defendants without further notice. (ECF 169). In response, however, Cook stated that he "does not know any of the Doe Defendants' names and cannot recall any specific identifying characteristics or other information about the Doe Defendants," but "may be able to identify the Doe Defendants if presented with photos of the cadets present during the training exercise . . .

[a]bsent such photos, Cook cannot identify the Doe Defendants."[1] (ECF 172 at 1). On April 24, 2024, the undersigned recommended that the named defendants' Motion for Summary Judgment be granted on qualified immunity grounds. (ECF 170). On June 5, 2024, the United States District Judge adopted the undersigned's findings, conclusions, and recommendations and granted the motion. (ECF 173-174).

Cook filed an interlocutory appeal of the District Judge's order on July 5, 2024. (ECF 175). On April 14, 2025, the Fifth Circuit Court of Appeals affirmed the District Judge's order. (ECF 181, 182). Accordingly, the sole remaining defendants in this case are the Doe Defendants, and Cook admits that he cannot identify them. For the reasons stated below, the U.S. Magistrate Judge recommends that Cook's Amended Complaint against the Doe Defendants be DISMISSED for failure to serve. *See* Fed. R. Civ. P. 4(m).

## II. LEGAL ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time…

Cook's initial complaint was filed on April 19, 2018. (ECF 3). He was appointed counsel in this matter on August 8, 2023. (ECF 124). Out of an abundance of caution and due to the procedural history of this case, the Court will deem the Rule 4(m) clock as starting on the date Cook obtained counsel. Therefore, Cook's deadline to identify the Doe Defendants and obtain service pursuant to Rule 4(m) was November 6, 2023. This case was not administratively closed due to the interlocutory appeal until July 8, 2024 (ECF 176), meaning that Cook had 334 days in which to

---

[1] Cook is represented by counsel and, to the Court's knowledge, has never requested discovery to obtain photos of the cadets present during the training exercise during which the strip search was conducted.

identify and serve the Doe Defendants. As noted above, the Court gave Cook yet another opportunity in 2024 to identify the Doe Defendants (well beyond the Rule 4(m) deadline), but Cook stated that he is unable to do so. (ECF 169, 172).

The Federal Rules of Civil Procedure "do not authorize [a plaintiff] to maintain suit indefinitely against a fictitious defendant" such as a John Doe. *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *10 (N.D. Tex. Mar. 9, 2017) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321, at 382 (3d ed. 2004 & Supp. 2016)). Plaintiffs, even those proceeding *pro se*, have a "duty to provide information sufficient to identify the defendants." *Sorrell v. Dallas, Tx, Bridge Shelter*, No. 3:08-CV-1065-G-BH, 2008 WL 3915347, at *1 (N.D. Tex. Aug. 25, 2008) (citing *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex.1986)). Cook is far past his Rule 4(m) deadline to serve these defendants and has notified the Court that he is unable to do so.

**A.      The Statute of Limitations Has Run on Cook's Claims.**

Although Rule 4(m) provides that the Court may order that service be made within a specific time, such order would be futile as to the Doe Defendants. Even if Cook were to identify the Doe Defendants and seek leave to amend his pleadings, his claims against the Doe Defendants are barred by the statute of limitations. Because there is not a federal statute of limitations for Section 1983 claims, federal courts use the forum state's personal injury statute of limitations. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Cook's alleged injury occurred on December 22, 2017, and he filed his initial complaint on April 16, 2018. (ECF 3 at 9). Cook's Complaint indicates that his Step 2 grievance was resolved on March 9, 2018, meaning that his limitations period

expired on March 9, 2020. (*Id*. at 4, 96-7).

**B.     Relation Back Does Not Save Cook's Claims Against the Doe Defendants.**

Rule 15 permits an amendment naming a party to relate back only if, among other prerequisites, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). The Fifth Circuit has held that a proposed amendment naming previously unknown John Doe defendants does not relate back to the filing of the original complaint under Rule 15. *Jacobsen v. Osborne*, 133 F.3d 315, 321-22 (5th Cir. 1998). The court reasoned that, when a plaintiff lacks knowledge of a defendant's identity but later discovers the identity, there is no "mistake" permitting relation back under Rule 15. *Id.* at 321; *see also Balle v. Nueces Cnty.*, 952 F.3d 552, 557-58, 690 F. App'x 847 (5th Cir. 2017) (holding that plaintiff's amendment to name Doe defendants did not relate back to the original complaint (citing *Jacobsen*, 133 F.3d at 321-22)); *Dacus v. Doe*, 2009 WL 1159265, at *2 (N.D. Tex. Apr. 29, 2009) ("Were Plaintiff to amend his complaint at the present time to identify the five John Doe Defendants, his amendment would not relate back to when he commenced this action[.]"). Accordingly, here, even if Cook sought leave to substitute named parties for the Doe Defendants, such amendment would not relate back under Rule 15 and his claims against the Doe Defendants would be barred by limitations.

RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Cook's claims against the Doe Defendants be DISMISSED without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 12, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **<u>NOTICE OF RIGHT TO OBJECT</u>** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).